### COMMONWEALTH *vs.* JAMES DUNAN.

Suffolk. March 24, 1880. AMES & LORD, JJ., absent.

The provision made by the St. of 1877, c. 200, for an autopsy by a medical examiner in cases of death by violence, does not, at the trial of an indictment for manslaughter, render inadmissible other competent evidence as to the condition of the deceased.

At the trial of an indictment for manslaughter, the sister of the person killed testified for the government, and, on cross-examination, testified where she and the deceased had lived. *Held*, that the defendant had no ground of exception to the exclusion of evidence tending to show that the witness had falsely stated the residence of the deceased and of herself.

At the trial of an indictment for manslaughter, evidence that the person injured, soon after the alleged injuries were inflicted, said that the defendant was not to blame, and that the injuries were the result of an accident, are not admissible in defence, in the absence of evidence that the statement was made as a dying declaration.

INDICTMENT for the manslaughter of Margaret Fitzgerald, on September 22, 1879, at Boston.

Trial in the Superior Court, before *Pitman.* J., who allowed a bill of exceptions in substance as follows:

The government offered evidence tending to show that the defendant struck, kicked and threw Fitzgerald upon the ground, as charged in the indictment. George F. King, a physician at the City Hospital, testified for the government as to the condition of Fitzgerald at the time she was brought to the hospital, and after she had received the alleged injuries at the hands of the defendant; and that he was present at the autopsy when it was made by the medical examiner. He was then asked to describe the condition and appearance of Fitzgerald's body at the time of the autopsy. The defendant objected to this question, on the ground that, as the law had provided that autopsies in such cases should be made by the medical examiner for the county, and the latter was then present as a witness, his testimony was all that was competent on that point; and that the testimony of Dr. King was not competent.

The judge overruled the objection; and the witness testified to the places and appearance of various wounds and bruises, on matters material to the government's case, and in some material matters varying from the testimony of the medical examiner, who subsequently testified in the case.

Bridget Walters, a sister of the deceased, and a witness for the government, testified, on cross-examination, that she and her sister had lived in Lowell; had gone to Lowell from Salem; had come to Salem from Ireland some twenty years ago; and that her sister was a woman of temperate habits, and she had never known her to be intoxicated.

The defendant contended, by the cross-examination of witnesses for the government and by the testimony of a medical expert upon the post-mortem appearances of the liver of the deceased, that she was a person who had the habit of drunkenness; that, at the time of the killing, she used coarse and abusive language to the defendant; and that, by reason of intoxication, she fell upon the sidewalk, and thus received the injury which was the cause of her death.

Mary Clark testified for the defence that she had known Bridget Walters six or seven years, and became acquainted with her when said Bridget and her husband lived at No. 79 Lowell Street, Boston, where they had a store, and sold provisions and

liquors. She was then asked what she knew of the history of Bridget Walters, for the purpose of contradicting the latter, and showing that she was not a credible witness, and that she had not correctly stated her sister's and her own residence, and had falsified as to her residence in Salem. The government objected to this question, and the judge excluded it.

Mary Clark also testified that, on the morning after the deceased was injured, and before she was carried to the hospital, she called to see her, and had a conversation with her. She was then asked to state what the conversation was; to which the government objected. The defendant then stated that he proposed to show by this witness that the deceased then said to the witness that she struck the defendant, that her fall was the result of accident, and that the defendant was not to blame. The judge excluded the evidence.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. P. Brown*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth, was not called upon.

BY THE COURT. These exceptions cannot be sustained. The provision made by the St. of 1877, *c.* 200, for an autopsy by a medical examiner, does not render other competent evidence inadmissible. The inquiry as to " the history of Bridget Walters " does not appear to have been material. The statement of the deceased was not shown to have been a dying declaration, and was rightly rejected.                          *Exceptions overruled.*